UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHARLES EUGENE KEMP,

Petitioner,

v.

R. BAKER, *et al.*,

Respondents.

Case No. 3:19-cv-00720-MMD-WGC

ORDER

**I.   SUMMARY**

Petitioner has submitted an application to proceed *in forma pauperis* (ECF No. 1), a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a motion for appointment of counsel. The application to proceed *in forma pauperis* is incomplete, as Petitioner acknowledges. Petitioner will need to file a complete application or pay the filing fee. The Court has nonetheless reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The petition appears to be successive without authorization. The petition also appears to be untimely. Petitioner will therefore need to show cause why the Court should not dismiss the action.

**II.   BACKGROUND**

Petitioner has attached to the petition a copy of a state district court order denying a motion correct an illegal sentence or to modify a sentence. Additionally, the Court takes judicial notice of an earlier habeas corpus petition that petitioner filed in this District, *Kemp v. Del Papa* ("*Kemp I*"), Case No. 3:99-cv-00102-DWH-RAM, in particular the order denying that petition, ECF No. 41.

On January 4, 1994, a state-court jury found petitioner guilty of two counts of sexual assault of a child under fourteen and seven counts of lewdness with a child under fourteen.

1 | (ECF No. 1-1, at 13.[1]) On February 8, 1994, the state district court entered the judgment of conviction. (*Id.*) Petitioner appealed. The Nevada Supreme Court dismissed the appeal on March 30, 1995. *Kemp I*, at ECF No. 41, at 3. Petitioner filed a post-conviction habeas corpus petition in the state district court on February 15, 1996. *See id.* The state district court denied the petition on March 1, 1996. *See id.* Petitioner appealed. The Nevada Supreme Court dismissed the appeal on December 28, 1998. *See id.*

*Kemp I* commenced on February 26, 1999. On March 25, 2002, this Court denied the petition. *See id.* Petitioner appealed. On February 25, 2003, the court of appeals denied a certificate of appealability. *See id.* at ECF No. 49.

On September 8, 2017, Petitioner filed in state district court a motion to alter or amend judgment. The state district court denied the motion. Petitioner appealed. The Nevada Court of Appeals affirmed on August 14, 2018. (ECF No. 1-1 at 14.)

On November 21, 2018, Petitioner filed in state district court a motion to correct an illegal sentence or to modify a sentence. The state district court denied the motion. Petitioner appealed. The Nevada Court of Appeals affirmed on October 8, 2019. (ECF No. 1-1 at 28.)

On November 26, 2019, Petitioner dispatched the current federal habeas corpus petition to this Court.

## III. DISCUSSION

### A. PETITIONER'S SENTENCE STRUCTURE

Petitioner's sentence structure is the issue in this case. Petitioner alleges that, at the sentencing hearing, the judge imposed two sentences of life imprisonment with the possibility of parole for counts I and II, the counts of sexual assault of a child under fourteen years. Those sentences were consecutive. Petitioner then alleges that the judge imposed sentences of six years for counts III through VIII, six counts of lewdness with a child under fourteen. Petitioner alleges that these sentences were consecutive to the sentences for

---

[1]This is a copy of a state district court order denying a motion to correct an illegal sentence or to modify a sentence.

counts I and II but ran concurrently with each other. The judge did not mention count IX, the seventh count of lewdness with a child under fourteen. (ECF No. 1-1 at 3.)

When Petitioner received the judgment of conviction, he noticed a difference. Counts I and II ran consecutively. Counts III, IV, and V ran consecutively to counts I and II, and they also were to be served consecutively. Counts VI through IX ran concurrently with each other and concurrently with counts III, IV, and V. (ECF No. 1-1 at 4.) In other words, Petitioner received two more consecutive six-year sentences than he thought that he had received.

### B. THE PETITION IS SUCCESSIVE

In *Kemp I*, the court denied that habeas corpus petition on its merits, and the Court of appeals denied a certificate of appealability. Consequently, the current petition is a second or successive petition under 28 U.S.C. § 2244(b). Petitioner must first obtain authorization from the Court of Appeals before this Court can consider his petition. *See* 28 U.S.C. § 2244(b)(3). Nothing in the documents that Petitioner has filed indicates that he has received such authorization. Petitioner will need to show cause why the Court should not dismiss the action.

### C. THE PETITION IS UNTIMELY

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), petitioner has a limited time to petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. *See Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009); *see also* Sup. Ct. R. 13(1). If the date on which the period would commence occurred before enactment of AEDPA on April 24, 1996, then the period commenced on the next day, April 25, 1996. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. *See* 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. *See Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). A prior federal habeas corpus petition does not toll the period of limitation. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Section 2244(d) is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)).

Actual innocence can excuse operation of the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013). "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id*. at 624.

The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court. *See* Rule 3(d), Rules Governing Section 2254

4

Cases in the United States District Courts. The Court can raise the issue of timeliness on its own motion. *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

The Nevada Supreme Court dismissed Petitioner's direct appeal on March 30, 1995. The judgment of conviction thus became final on June 28, 1995. Because the judgment of conviction became final before enactment of AEDPA, the one-year period started running on April 25, 1996. *See Patterson*, 251 F.3d at 1246. However, the one-year period was tolled immediately because Petitioner had filed his state post-conviction habeas corpus petition on February 15, 1996, and it was pending at the time. The Nevada Supreme Court dismissed the appeal from the denial of that petition on December 28, 1998. Remittitur would have issued on or around January 22, 1999. *See* Nev. R. App. P. 41(a)(1) (remittitur to be issued 25 days after entry of judgment). The one-year period then started to run. The one-year period was not tolled while *Kemp I* was pending in this court, because a federal habeas corpus petition does not qualify for tolling under 28 U.S.C. § 2244(d)(2). *See Duncan*, 533 U.S. at 181-82. Consequently, the one-year period expired on or around January 22, 2000.

The Court also takes judicial notice of the online docket of the Second Judicial District Court of the State of Nevada, *State v. Kemp*, Case No. CR93-0495.[2] Apparently, Petitioner had nothing else pending in the state court until he filed a motion to alter or amend the judgment on September 8, 2017. By then, the one-year period of 28 U.S.C. § 2244(d)(1) had long since expired.

Consequently, Petitioner will need to show cause why the Court should not dismiss the action as untimely.

### D. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner has also submitted a motion for appointment of counsel. The Court denies the motion because it appears that the court lacks jurisdiction to consider this

---

[2] https://www.washoecourts.com/Query/CaseInformation/CR93-0495 (report generated January 10, 2020).

unauthorized second or successive petition. If Petitioner can demonstrate that he has received authorization to proceed with this action, then he may renew the motion.

**IV.    CONCLUSION**

It is therefore ordered that the application to proceed in forma pauperis (ECF No. 1) is denied without prejudice.

It is further ordered that Petitioner must file another application for leave to proceed in forma pauperis, accompanied by a signed financial certificate and a statement of his inmate account. The Clerk of Court is directed to send Petitioner a blank application form for incarcerated litigants. In the alternative, Petitioner must make the necessary arrangements to pay the filing fee of five dollars ($5.00), accompanied by a copy of this order. Petitioner will have 45 days from the date that this order is entered to comply. Failure to comply will result in the dismissal of this action.

It is further ordered that the Clerk of Court file the petition and the motion for appointment of counsel, currently at ECF Nos. 1-1 and 1-2, respectively.

It is further ordered that the motion for appointment of counsel is denied.

It is further ordered that Petitioner will have 45 days from the date that this order is entered to show cause why the Court should not dismiss the action as untimely and for being a second and successive petition not authorized by the Court of Appeals.

It is further ordered that the Clerk of Court is directed to add Aaron Ford, Attorney General for the State of Nevada, as counsel for Respondents.

It is further ordered that the Clerk of Court will electronically serve upon Respondents a copy of the petition and this order. Respondents' counsel must enter a notice of appearance herein within 21 days of entry of this order, but no further response will be required from respondents until further order of the Court.

DATED THIS 14th day of January 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE