UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHARLES EUGENE KEMP,

Petitioner,

v.

R. BAKER, *et al.*,

Respondents.

Case No. 3:19-cv-00720-MMD-WGC

ORDER

**I. SUMMARY**

This is a habeas corpus action under 28 U.S.C. § 2254. The Court previously directed petitioner Bryan Kemp to do three things. (ECF No. 3.) First, he needed to file a complete application to proceed *in forma pauperis* or to pay the filing fee. Second, Kemp needed to show cause why the Court should not dismiss this action under 28 U.S.C. § 2244(b) because Kemp has filed a second or successive petition. Third, Kemp needed to show cause why the Court should not dismiss this action under 28 U.S.C. § 2244(d) because the one-year period of limitation had expired.

To start, Kemp has filed an application to proceed *in forma pauperis*, which the Court grants. (ECF No. 7.) Kemp has also sent a letter, which the Court construes as an attempt to show cause. (ECF No. 8.) Kemp has not shown that he has received authorization to file a second or successive petition. The Court will thus dismiss the action.

**II. BACKGROUND AND LEGAL STANDARD**

Kemp claims that the written judgment of conviction differs from the oral pronouncement of sentence in his state-court criminal case. The written judgment imposed two more six-year consecutive sentences than the oral pronouncement. (ECF No. 3 at 2-3.)

As the Court noted in its prior order, on February 26, 1999, Kemp filed his first habeas corpus petition challenging his custody under the same judgment of conviction that he challenges now. *See Kemp v. Del Papa*, Case No. 3:99-cv-00102-DWH-RAM ("*Kemp I*"). The current petition thus is a second or successive petition under 28 U.S.C. § 2244(b). Kemp needed to obtain authorization from the United States Court of Appeals for the Ninth Circuit before this Court could consider the current petition. *See* 28 U.S.C. § 2244(b)(3).

### III.  DISCUSSION

Kemp's letter does not explicitly mention the successive-petition bar. However, there are two items that the Court will address.

First, Kemp states that he thought that he had the right to appeal the state-court decisions to a higher court. (ECF No. 8 at 1.) This court does not sit as a court of appeals over the Nevada Courts, and this action is not an appeal. A federal habeas corpus petition is a separate civil action that challenges the validity of custody under a state-court judgment of conviction. This Court can grant relief only if the custody violates the Constitution or laws of the United States. *See* 28 U.S.C. § 2254(a). Additionally, Congress has imposed procedural restrictions and limitations on pursuing a § 2254 petition. One of them is a restriction on pursuing a second or successive petition, which the current petition is. *See* 28 U.S.C. § 2244(b).

Second, Kemp asks the Court to stay this action "to do as this Honorable Court has ordered already." (ECF No. 8 at 2.) It thus appears that Kemp has not obtained authorization from the court of appeals before he commenced this action. The Court would not stay the action, but the Court may, in the interests of justice, refer the petition to the court of appeals for consideration as an application to file a second or successive petition. *See* Circuit Rule 22-3(a). But the interests of justice are not in favor of referral because it appears that Kemp cannot meet the requirements for a second or successive petition. The statute provides, in relevant part:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b). No new rule of constitutional law, made retroactive by the Supreme Court, governs Kemp's claim that the written judgment of conviction diverges from the oral pronouncement of sentence. Consequently, § 2244(b)(2)(A) appears to be inapplicable. As for § 2244(b)(2)(B), Kemp learned, or could have learned through due diligence, the difference in oral pronouncement of sentence and the written judgment of conviction soon after he received the judgment of conviction, which was well before he commenced *Kemp I* in 1999. Additionally, the claim is solely about the sentence imposed. Even if proven, this would not affect a reasonable factfinder's finding of guilt. Consequently, § 2244(b)(2)(B) appears to be inapplicable. Under these circumstances, the Court will not refer the petition to the court of appeals.

The Court also directed Kemp to show cause why the Court should not dismiss the action as untimely under 28 U.S.C. § 2244(d)(1). The court does not have jurisdiction to consider Kemp's second or successive petition under § 2244(b). Consequently, the Court will not rule on the issue of timeliness.

Kemp's other arguments in his letter are about the merits of his claim. The Court does not address them because the Court cannot consider this second or successive petition.

**IV.  CONCLUSION**

It is therefore ordered that that the application to proceed *in forma pauperis* (ECF No. 7) is granted. Petitioner need not pay the filing fee of five dollars ($5.00).

3

It is further ordered that this action is dismissed without prejudice because it is an unauthorized second or successive petition.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 4th day of March 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE